SEGAL, J., Concurring.
I agree with the majority that the juvenile court erred by barring Maria from testifying and calling her daughter as a witness because Maria's attorney did not comply with a requirement that was not even in effect when the Los Angeles County Department of Children and Family Services filed this action and of which the court gave the parties no prior notice of the consequences for noncompliance. The court's ruling deprived Maria of notice and an opportunity to be heard, cornerstones of our system of justice. (See Lockyer v. City and County of San Francisco (2004) 33 Cal.4th 1055, 1108, 17 Cal.Rptr.3d 225, 95 P.3d 459 ["notice and an opportunity to be heard" are "the most rudimentary of due process procedures"].) The ruling was also disproportionately harsh, especially given that Maria sought to testify and have her daughter testify only because of a significant, last minute change of position by minors' counsel. Therefore, I wholeheartedly join Part III of the discussion section of the majority opinion.
I also agree courts and courthouses cannot adopt and implement local rules without complying with the legislatively prescribed procedures for adopting local rules. And I agree courts have the authority to manage cases by requiring litigants and their attorneys to comply with courtroom procedures and trial setting orders. Therefore, I enthusiastically join Parts I and II(E) of the discussion section of the majority opinion.
*512 I have difficulty with the remainder of Part II, however, because I am not entirely convinced the McCourtney Courthouse Policies were adopted in violation of state law or, as written, conflict with state law. For the most part, these policies address matters that, in my view, do not need to be published and distributed to bar associations and stakeholders, made available for public review and comment, and submitted to the Judicial Council.[1] For example, one of the policies provides, "All courtrooms open at 8:30 and attorneys will be present to begin work." Another policy states, *797 "Calendar Call will be at 8:45 a.m. - all counsel must be present in the courtroom at that time." Another policy provides, "The court shall use reasonable efforts to give priority to cases that have settled." Most of the other policies involve these kinds of courtroom operations and case management issues. I do not think the law requires a court to obtain public comment and Judicial Council approval for these kinds of matters.
The only policy our decision targets provides: "Joint Trial Statements are required for all scheduled contests." I am not so sure this is a local rule; but if it is, it isn't much of one. As the majority recognizes, the policy does not prescribe any deadlines for filing the statement (e.g., five court days prior to the scheduled contest), nor is there any consequence or sanction for noncompliance. The unacceptable consequence in this case derives not from the policy, but from the juvenile court's application of the policy.
The record does not contain a copy of the Joint Trial Statement required by the policy. In response to our request, however, the Department submitted a form document titled "Statement of Issues at Trial and Evidence To Be Introduced at Trial" and represented that it is the Joint Trial Statement referred to in the policy.[2] For the most part it does little more than request basic information about the case that courts throughout California routinely request. For example, it asks counsel to provide the names of the attorneys in the case, the time estimate for trial, whether there are any outstanding discovery or witness availability issues, whether there are any uncontested or stipulated issues, and whether counsel have met and conferred about settlement. Courts request this kind of information every day and in virtually every trial or contested proceeding. I do not think courts need to comply with Code of Civil Procedure section 575.1 or California Rules of Court, rule 10.613, to obtain this information.
Of particular relevance here, the Joint Trial Statement form submitted by the Department requires the parties to complete a section headed "Witness: Name/Testimony/Time Estimate." It is hard for me to conceive of a trial, *513 evidentiary hearing, or contested proceeding where the judge does not ask who the witnesses will be, the general subject matter of their testimony, and how long counsel anticipate they will testify. A brief survey of the Courtroom Information page for the Stanley Mosk Courthouse on the Los Angeles Superior Court website reveals that judges in the civil division ask for this information (and more) as a matter of course and often require counsel to complete trial preparation forms unique to that courtroom. (See, e.g., Super. Ct. L.A. County, Stanley Mosk Courthouse, Courtroom Information < http://www.lacourt.org/courtroominformation/ui/result.aspx> [as of July 9, 2019, Departments 14, 16, 17, 19, 24, 26, 28, 30, 31, 32, 34, 37, 40, 45, 47, 48, 50, 53, 56, 57, 58, 68, 74, 96].) I do not understand the majority opinion to affect a trial court's ability to ask for this information in preparation for a trial or evidentiary hearing.
Finally, the majority makes clear in Part II(E) that California courts have broad discretion to implement case management rules and policies that "enable the just and efficient resolution of cases." (Cal. Stds. Jud. Admin., § 2.1; see Welf. & Inst. Code, § 350 ["The judge of the juvenile court shall control all proceedings during the hearings with a view to the expeditious and effective ascertainment of the jurisdictional facts and the ascertainment of all *798 information relative to the present condition and future welfare of the person upon whose behalf the petition is brought."]; Cal. Rules of Court, rule 3.713(c) ["It is the responsibility of judges to achieve a just and effective resolution of each general civil case through active management and supervision of the pace of litigation from the date of filing to disposition."]; id. , rule 5.546(j) [if a party fails to comply with rules and orders governing prehearing discovery, "the court may ... grant a continuance, prohibit a party from introducing in evidence the material not disclosed, dismiss the proceedings, or enter any other order the court deems just under the circumstances"].) I agree. In particular, courts have the authority to request time estimates and enforce time limits, as long as the limits are reasonable and the court remains "mindful that each party is entitled to a full and fair opportunity to present its case." ( California Crane School, Inc. v. National Com. for Certification of Crane Operators (2014) 226 Cal.App.4th 12, 21, 171 Cal.Rptr.3d 752 ; see People v. ConAgra Grocery Products Co. (2017) 17 Cal.App.5th 51, 149, 227 Cal.Rptr.3d 499 [" 'Judges need to be proactive from the start in both assessing what a reasonable trial time estimate is and in monitoring the trial's progress so that the case proceeds smoothly without delay.' "]; California Crane School , at pp. 20, 22, 171 Cal.Rptr.3d 752 ["[f]or those cases in which the trial judge believes time limits should be set, the court should first elicit estimates from the parties and invite each side to comment on the other's estimate," and "in *514 those cases in which the trial court imposes time limits, it is also important that those limits be enforced"].)[3]
Indeed, the majority recognizes trial courts have the authority to "make scheduling and procedural orders similar in nature to" the joint trial statement policy, "as long as those orders are expressly entered in individual cases, not imposed by an unpublished general rule adopted in violation of state law." (Maj. opn. ante , at p. 794.) In my view, even under the majority's holding, had the juvenile court previously entered an order requiring the parties to comply with the joint trial statement policy, that requirement would not violate state law. That seems to me an easy fix that would apply in almost every case. Of course, it would not have cured the error in this case for the reasons set forth in Part III of the majority's opinion. Therefore, and with this understanding, I concur.
*515 Appendix A
McCourtney Courthouse Policies
These policies will take effect on Monday, August 13, 2018:
1. All courtrooms open at 8:30 and attorneys will be present to begin work.
2. Calendar Call will be at 8:45a.m. - all counsel must be present in the courtroom at that time.
3. All reports properly served must be previously read by counsel.
Be prepared to give status report regarding required "on call" witnesses. Ready cases will be heard following Calendar Call.
*799 4. Contested Hearings/Trials begin at 10:00 a.m. No continuance/waiting without good cause.
No overbooking/ stacking of trials out of home court without coverage. Coverage must be prepared to commence trial at 10:00 a.m.
5. Continued Cases - must be called on the record and all parties present will be ordered back on the record.
6. Attorneys must immediately respond to a page or phone call from the courtroom and must return to courtroom forthwith unless the court specifically orders otherwise.
7. Joint Trial Statements are required for all scheduled contests.
8. The court shall use reasonable efforts to give priority to cases that have settled.
9. LADL and CLC will have a supervisor for each firm on site in McCourtney at least one day every two (2) weeks.
*516 Appendix B
*800 In Re: Click here to enter text. CASE NO.(s): Click here to enter text. STATEMENT OF ISSUES AT TRIAL AND EVIDENCE TO BE INTRODUCED AT TRIAL Minor(s) Date: Click here to enter a date. Dept.: Click here to enter text. Hearing Type: Click here to enter text.
Petitioner Attorney: Click here to enter text.
Minor Attorney: Click here to enter text.
Parent Attorney: Click here to enter text.
Other Attorney: Click here to enter text.
Time Estimate for Trial: Click here to enter text.
[] Outstanding Discovery or Witness Availability Issue
Party & Issue: Click here to enter text.
CONTESTED ISSUES
Party: Click here to enter text.
[]Adjudication: Enter Specific Issues
[]Home of Parent: Click here to enter text.
[]Visitation Order: Click here to enter text.
[]Reasonable Services: Click here to enter text.
[]Placement: Click here to enter text.
[]Termination of Jurisdiction: Click here to enter text.
[]Other: Click here to enter text.
Exhibit: Click here to enter text.
Witness: Name/Testimony/Time Estimate.
NONCONTESTED ISSUES/STIPULATIONS
Click here to enter text.
[] COUNSEL HAVE MET AND CONFERED REGARDING SETTLEMENT
Respectfully Submitted,
Click here to enter text. Attorney for: Click here to enter text.

A copy of the McCourtney Courthouse Policies submitted by the Department is attached as appendix A, post , page 6.

A copy of the document is attached as appendix B, post , page 7.

"Once the parties have presented their views, the court should independently evaluate the estimates based on the arguments of the parties, the state of the pleadings, the legal and factual issues presented, the number of witnesses likely to testify, the court's trial schedule and hours, and the court's experience in trying similar cases." (California Crane School, Inc. v. National Com. For Certification of Crane Operators, supra , 226 Cal.App.4th at p. 20, 171 Cal.Rptr.3d 752.)